IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MARY MARTHA MCCOMAS,                               Civ. No. 1:22-cv-00435-CL

             Plaintiff,                               **OPINION AND ORDER**

v.

PHH MORTGAGE,

             Defendant.

---

CLARKE, Magistrate Judge.

    This case comes before the Court on a motion to dismiss, or alternatively, a motion to make more definite and certain (#5), filed by Defendant, PHH Mortgage Corporation (erroneously sued as "PHH Mortgage"). The Court determines that this motion is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss (#5) is granted, and the Complaint is dismissed without prejudice. Plaintiff may file an Amended Complaint within thirty (30) days.

**LEGAL STANDARD**

    To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## BACKGROUND

As alleged in the Complaint, on or about December 24, 2004, Plaintiff's father, William P. McComas ("Mr. McComas"), executed a Bargain and Sale Deed, conveying the real property commonly known as 23 South Foothill Road, Medford, OR 97504 to Mr. McComas and the Plaintiff, "not as tenants in common, but right of survivorship." Compl. ¶ 10, 2. Then, on or about November 18, 2005, Mr. McComas, for whom Plaintiff acted as attorney-in-fact, obtained a mortgage loan in the amount $458,800.00 (the "Loan"). Compl. ¶ 3 and Ex. A. To obtain the Loan, Plaintiff, as attorney-in-fact for Mr. McComas, executed an Adjustable Rate Note. Compl., Ex. A. At the same time, Mr. McComas and Plaintiff executed a Deed of Trust, encumbering the real property. Compl. ¶ 3 and Ex. B. FAC Ex. 9. Plaintiff signed the Note as her father's attorney-in-fact, and she signed the Deed of Trust as both her father's attorney in Fact and as a borrower. *Id.* On the Deed of Trust, "Borrower," is defined as "William P. McComas. An unmarried person. Mary Martha McComas." Compl. Exhibit B.

Pursuant to the Note and the Deed of Trust, Mr. McComas was required to repay the Loan in monthly installment payments over the period of 30 years. Compl., Exs. A and B. At

certain point in time, Mr. McComas passed away and his estate commenced probate proceedings in California. Compl. ¶4 and Ex. C. Thereafter, the Loan fell into default and Defendant issued a letter entitled Notice of Intent to Foreclose. Compl. ¶8 and Ex. E.

Plaintiff alleges that from March of 2017 until July of 2019 she made mortgage payments on the Loan, though she claims she was not required to make these payments. She claims that the estate attorney told her that she would be reimbursed for the payments made. Plaintiff alleges that she attempted to get Mr. McComas' estate to pay the mortgage on the property, but she was unsuccessful in that attempt. She claims that she was unsuccessful because the Defendant refused to send a letter to the estate stating that Plaintiff was "not the borrower" and "not responsible" for the mortgage loan balance. Plaintiff claims that she sent the Defendant written notice of Mr. McComas' death and a note of change of address. She claims that she filed a creditor's claim with the estate on behalf of the Loan, but the estate executor ultimately dismissed the claim.

Plaintiff alleges that her mother hired an attorney in Medford, Oregon, and that attorney "informed the Defendant that the Plaintiff was not the borrower of the loan." Plaintiff repeatedly asserts that the Estate told her she needed to get confirmation from Defendant that Plaintiff is not responsible for the Loan. She claims that, despite requesting this statement from the Defendant, the Defendant has not provided her with such a statement.

## DISCUSSION

Plaintiff is a self-represented litigant. After a close reading of the Complaint and the responses provided to the Motion to Dismiss, the Court finds it difficult to discern a plausible claim. Certainly, mortgage companies and lenders have defined obligation to borrowers, and to successors-in-interest after the death of a borrower. The specific facts here, however, do not appear to state any wrongful conduct on the part of the Defendant. While Plaintiff claims that she should

not be "responsible" for the balance of the mortgage loan because she was not the borrower, she admits that ownership of the encumbered property passed to her "by right of survivorship." It is not clear why she would not have also inherited the Loan that encumbered the property, especially when she herself signed the Note and the Deed of Trust. Possibly, Mr. McComas intended for his estate to pay off the Loan after his death. Regardless, it is not clear to the Court why that process would have required a statement from the Defendant. Moreover, the Court cannot discern how the Defendant would have been able to determine that Plaintiff was not responsible for the loan if she was the successor-in-interest to the encumbered property and she signed the Note and the Deed of Trust. As such, the Defendant would not have had any ability, let alone an obligation, to provide such a statement to the estate on Plaintiff's behalf.

It is entirely possible that the Court has misunderstood the facts as alleged by the Plaintiff. Nevertheless, as currently alleged, the Complaint fails to meet the federal pleading standards for stating a plausible claim for relief. Therefore, the Complaint should be dismissed without prejudice and with leave to file an amended complaint. If Plaintiff choses to file an Amended Complaint, she should heed the information above, and attempt to provide a clear and concise statement of the wrongful conduct of the Defendant.

## CONCLUSION

Defendant's Motion to Dismiss (#5) should be GRANTED, and the Complaint should be dismissed without prejudice, and with leave to file an amended complaint within thirty (30) days.

It is so ORDERED and DATED this ___15___ day of July, 2022.

Mark Clarke
United States Magistrate Judge